**UNITED STATES of America,**
**Plaintiff,**

v.

**Linda PURCELL, Defendant.**

**Cr. No. 1–73–4.**

United States District Court,
D. Idaho.

July 2, 1973.

Wilbur Nelson, Asst. U. S. Atty., Boise, Idaho, for plaintiff.

David W. Hyde, Martin, Chapman, Martin & Lyons, Boise, Idaho, for defendant.

## MEMORANDUM DECISION AND ORDER

### FACTS

ANDERSON, District Judge.

By indictment,[1] defendant Purcell is charged with knowingly and intentional-

---

1. "That beginning on or about May 11, 1971, and continuing to on or about September 30, 1971, at Nampa, State and District of Idaho, LINDA PURCELL, having previously applied for and received home ownership assistance from the

ly defrauding and defeating the purpose of the Department of Housing and Urban Development, in violation of 18 U.S.C. § 1012, which carries with it a maximum penalty of one year imprisonment or $1,000.00 fine.

By elucidation the indictment further charges that Purcell applied for and received home ownership assistance from the Department under the terms of § 235 of the National Housing Act, embodied in 12 U.S.C. § 1715z. This section authorizes the Department to aid low income families in securing adequate housing by paying a portion of the family's mortgage payments on the home, conditioned upon their continued occupancy. In this case it is alleged the Department paid the monthly sum of $80.00 directly to Purcell's mortgagee, the Mortgage Insurance Corporation of Boise, to aid her in purchasing a home in Nampa, Idaho.

It is alleged that while she was receiving assistance from the Department, Purcell, for a period of approximately 4½ months in 1971, did not live in the home. Rather, she rented it out to another at a rate of $150.00 per month, keeping the rent payments for herself. She did not notify the Department of these events. It is this act of vacating the home, renting it and receiving the rent payments, while still receiving mortgage assistance from the Department, that is said to be a violation of 18 U.S.C. § 1012.

## DEFENDANT'S MOTION TO DISMISS

Defendant has filed a motion to dismiss the indictment against her on the grounds that:

1. The indictment does not state facts sufficient to constitute an offense against the United States because it does not state which purpose of the Department the defendant is accused of intending to defraud or defeat, and

2. The portion of 18 U.S.C. § 1012, which she has allegedly violated, is unconstitutionally vague, indefinite and uncertain in violation of the Fifth Amendment to the United States Constitution because it does not state the purposes of the Department or refer to where they can be ascertained and, therefore, does not inform the defendant what actions constitute a violation of the section.

For the purpose of considering the merits of defendant's motion, the allegations of the indictment must be taken as true. United States v. Chrysler Corporation Parts Wholesalers, Northwest Region, et al., 180 F.2d 557 (9th Cir. 1950).

### I.

As to the first ground for dismissal of the indictment, defendant seems to abandon the ground or just does not discuss the question. By saying the indictment does not state facts sufficient to constitute an offense be-

United States Department of Housing and Urban Development, Federal Housing Administration, did knowingly and with intent to defraud and defeat the purpose of said Department of Housing and Urban Development, receive certain compensation in money;

In that the said LINDA PURCELL, having applied and received home ownership assistance from said Department of Housing and Urban Development, whereby said Department did, by way of such assistance, pay to Mortgage Insurance Corporation, Boise, Idaho, the sum of $80.00 monthly, pursuant to the provisions of Section 235 of the National Housing Act, did thereafter vacate and leave the premises covered by the terms and provisions of said home ownership assistance, without notifiying said Department or any officer or agent thereof, and did thereafter rent said premises, located at 913 Rowena Avenue, Nampa, Idaho, to one Charles Johnson, and did thereafter receive and convert to her own use rental payments from said Charles Johnson in the amount of $150.00 per month through the period from May 11, 1971 to September 30, 1971; in violation of 18 USC 1012."

cause it does not state the purpose of the Department she allegedly has defrauded or defeated, she raises the question whether the indictment itself must contain a statement of the purpose of the act in order to give it validity. However, defendant has not confronted this question in her briefs.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides in part:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated."

Generally, it has been held in a long line of cases that the requirements of an indictment, in order to be consistent with the rule, are to state the essential elements of the offense charged and to sufficiently inform the defendant so as to enable her to prepare a proper defense and to plead it as a bar to future prosecutions for the same offense. Russell v. U. S., 369 U.S. 749, 82 S.Ct. 1038, 8 L. Ed.2d 240 (1962); U. S. v. Mitman, 459 F.2d 451 (9th Cir. 1972). The indictment does state sufficient facts to allege an offense against the United States, consistent with Rule 7(c)(1) and the above requirements.

Rule 7(c)(1) by its language does not require that the purposes behind a statute, or in this case the purpose of the Department, be set out in the indictment. It is sufficient that the indictment states the official citation of the statute allegedly violated, which it does in this case. Neither is it necessary to spell out by verbal description the purpose of the statute in order to set forth the facts that constitute the elements of the offense charged.

The indictment makes reference to § 235 of the National Housing Act which, as embodied in 12 U.S.C. § 1715z(a), sets forth the purpose of the home ownership assistance program. All that would be required of defendant is a scant reading of the indictment and the statutory reference in order to be put on notice of what purpose she has allegedly violated, so as to enable her to prepare a defense to the charge. Further, the specific allegations as to method, manner, time and place of alleged commission are more than ample to bar a future prosecution. Thus, the essential requirements of an indictment are satisfied.

II.

■ Defendant's principal argument for dismissing the indictment is that 18 U.S.C. § 1012 is unconstitutionally vague and indefinite. Title 18 U.S.C. § 1012, so far as is relevant here, provides:

"Whoever receives any compensation, rebate, or reward, with intent to defraud such Department or with intent unlawfully to defeat its purposes; . . . Shall be fined not more than $1,000 or imprisoned not more than one year, or both."

Defendant does not seem to quarrel with the provision of the statute, "with intent to defraud such Department". Rather, she contends that because the statute does not define what the purpose of the Department is or refer to where it can be ascertained, she is not informed of what conduct the statute is designed to prohibit by use of the language "with intent unlawfully to defeat its purposes". Therefore, she contends the statute should be struck down for vagueness.

■ Defendant's authorities cited in her brief in support of the motion to dismiss refer to the general constitutional standard that a criminal statute must be sufficiently definite so as to fairly inform a person of ordinary intelligence of the type of conduct the statute is designed to prohibit. Boyce Motor Lines v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952); U. S. v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886

(1951). In other words, the statute must set forth an ascertainable standard of guilt. The portion of 18 U.S.C. § 1012, drawn in question in this case, does meet this standard.

It is true that § 1012 does not define what the purposes of the Department are or specifically refer one to where they can be ascertained. But for the statute to do this would be almost impossible due to the nature and varied functions and purposes of the Department itself. It is a general penal statute covering all programs and purposes of the Department of Housing and Urban Development. Any vagueness, which the statute may have standing alone, is effectively eliminated by referring to specific statutes defining the particular purpose of the Department that is relevant. Just the general wording of the penal statute itself puts one on notice that there are other statutes which more particularly define the meaning of § 1012. Sections 1012 and 1715z are thus in pari materia and must be read and construed together in order to ascertain the applicable standard of guilt. Erlanbaugh v. United States, 409 U.S. 239, 93 S.Ct. 477, 34 L.Ed.2d 446 (1972); United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40 (1940).

In this case, the defendant had applied for and received assistance in purchasing a home under a federal program. The Department helped defray the cost of mortgaging the home so as to enable defendant to have adequate housing when she supposedly could not otherwise afford it. The ordinary person could determine the purpose of the payments by the Department—to help persons of low income to buy a decent home to live in. Title 12 U.S.C. § 1715z(a). Taken together, §§ 1012 and 1715z do put the ordinary person on notice of what type of conduct is unlawful. Obviously, any type of activity by which a person uses the program to their own pecuniary benefit, other than to help themselves purchase a home to live in, would defeat the purpose of the program.

Defendant's contention that she could be charged with defeating any or all purposes of the Department is without merit. What purposes are relevant must be ascertained from the particular program the Department is administering for the benefit of a particular person charged with a violation.

For the reasons previously stated, 18 U.S.C. § 1012 is valid. Therefore, the defendant's motion to dismiss should be, and it is hereby, denied.