**UNITED STATES of America,**
**Appellee,**

v.

**Richard Henry MITMAN, Appellant.**
**No. 71–2290.**

United States Court of Appeals,
Ninth Circuit.

April 20, 1972.

---

**452**

Gerald A. Witt, Los Angeles, Cal., for appellant.

William D. Keller, U. S. Atty., Brian J. O'Neill, Stanley I. Greenberg, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and GOODWIN, Circuit Judges, and SCHNACKE, District Judge.*

BARNES, Circuit Judge:

Appellant was charged in a five-count indictment with the several violations of 18 U.S.C. § 912, impersonating an officer or employee of the United States. A jury was waived, and appellant was convicted on four of five counts, i. e., Counts I, II, IV and V. 18 U.S.C. § 912 makes criminal (1) the conduct of one who falsely pretends to be an officer or employee of the United States or any agency, department officer thereof, and acts as such or (2) in such pretended character, demands or obtains any thing of value.

Appellant primarily urges that no intent to defraud was charged against him. He parenthetically urges four alleged errors, but admits the record on appeal does not disclose them, and hence he cannot argue them. [Appellant's Brief, p. 17] [1] If not disclosed in the record, we of course, cannot pass upon them and do not attempt to do so.

---

* The Honorable Robert H. Schnacke, United States District Judge, Northern District of California, sitting by designation.

1. We have taken note that appellant on March 14, 1972 filed (*in propria persona*) with the Clerk of this Court, a document entitled:

"*Request for Counsel and Reduction of Bail and Appearance.*"

At that time his appeal was set for hearing on April 6, 1972. Appellant asserts he is dissatisfied with each of the attorneys appointed to represent him; asserts the trial judge was prejudiced against him; asserts he should be permitted to argue his case on appeal; asserts that the charges brought against him were the result of a political plot; that he desired to subpoena as witnesses to prove these facts a member of Congress, J. Edgar Hoover, Attorney General Mitchell, and others.

Nowhere in this document filed by him does appellant cite cases, or any evidence introduced at the trial, or attempt to meet any of the legal issues involved in his appeal. We have, however, read and considered the statements made therein. If it is a request for appointment of additional counsel, or for a reduction in bail, each is denied.

Appellant further urges first, that the indictment as to Counts I and II is insufficient because of failure to allege an intent to defraud, and second, that there was insufficient evidence to support appellant's conviction on each of the four counts.

█ It is true no specific intent to defraud was alleged in the indictment in Counts I or II, but this has been held unnecessary as to the crime charged in the first part of § 912.

We agree with appellant that the statute (§ 912) states two separate and distinct offenses, as is stated in United States v. Guthrie, 387 F.2d 569, 570 (4th Cir.1967) and Honea v. United States, 344 F.2d 798, 800 (5th Cir.1965). But this exclusion of the specific intent charge, held error in *Honea* by Judge Brown if omitted, has since been considered by Judge Sobeloff in *Guthrie*, and held not essential and not error to omit. (387 F.2d p. 571) This follows the Fourth Circuit's previous holding in United States v. Leggett, 312 F.2d 566, 569 (1962).

*Guthrie* dealt only with part 1 of § 912, *Honea* only with part 2 of § 912. Judge Sobeloff went further however, in his analysis of the problem. He stated 387 F.2d at p. 572:

"In that case, [Honea] the court was concerned only with the adequacy of an indictment under the second offense in § 912 and its holding must be limited accordingly. *But to the extent that there may be any conflict, we respectfully decline to follow Honea in the present case.*" [Emphasis added.]

To quote from *Honea*:

"It is often said that an indictment must (a) apprise the defendant of what he will have to meet and (b) protect him from double jeopardy. This indictment is sufficient as to (b), but . . . insufficient as to (a)." (344 F.2d p 804).

*Guthrie* quoted from United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953) as follows:

"The true test [of the sufficiency of an indictment] is . . . whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal, or conviction.'" (Cases cited.)

█ We hold with *Guthrie*, that:

"It is plain beyond doubt that the indictment as drawn fully informed the defendants of the crime with which they were charged so that they could adequately prepare their defense and could plead the judgment as a bar to any subsequent prosecution for the same offense. They can ask no more." (387 F.2d p. 572)

*Cf.* also: Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, (1932) and Kane v. United States, 120 F.2d 990 (8th Cir.1941) as to the variance allowable in considering the sufficiency of the indictment prior to trial, as compared to consideration after trial, and on appeal. *Hagner, supra,* 285 U.S. at p. 433, 52 S.Ct. 417; *Kane, supra,* 120 F.2d at p. 992.

█ Formal defects, not prejudicial, are to be disregarded by courts in modern practice. Hopper v. United States, 142 F.2d 181, 185 (9th Cir.1943).

█ A careful reading of the indictments convinces us no prejudicial error appears in the allegations of Counts I and II of the superseding indictment.

The trial judge had no problem as to the sufficiency of the evidence to support conviction, on four of the five counts. He was of the opinion that "the evidence was overwhelming" that defendant had "defrauded a number of businessmen out of substantial amounts of property by falsely pretending to be a United States government officer" [R. T., p. 329], and the court added: "You did it wilfully and knowingly." [R.T., p. 329.]

We affirm the defendant's conviction on each of the four counts of having falsely pretended to be a United States Government Officer, i. e., (1) a procurement agent for the United States Navy, (2) a representative of the Federal Housing Administration; (3) an officer of the United States Congress, and (4) an agent of the Central Intelligence Agency.