**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Julio ZAVALA, Defendant–Appellant.**

No. 85–1091.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1986.

Decided Jan. 26, 1988.

Judd C. Iversen, San Francisco, Cal., for defendant-appellant.

Mark N. Zanides, Asst. U.S. Atty., U.S. Dept. of Justice, San Francisco, Cal., for plaintiff-appellee.

Before REINHARDT, BRUNETTI and KOZINSKI,* Circuit Judges.

PER CURIAM:

Appellant Julio Zavala was indicted on March 4, 1983, for multiple violations of federal narcotics laws. Zavala was charged in count one with conspiracy to import and distribute cocaine (21 U.S.C. §§ 846, 963); in counts two and nineteen with possession of cocaine for sale (21 U.S.C. § 841); in counts three through eight with unlawful use of a communications facility (21 U.S.C. § 843(b)); in count twenty with use of a firearm in commission of a felony (18 U.S.C. § 924(c)(1)); and in count twenty-five with conducting a continuing criminal enterprise (21 U.S.C. § 848). The remaining counts in the indictment involved the other defendants. Pursuant to a negotiated plea agreement, appellant pleaded guilty to counts one and nineteen, and the government moved to dismiss counts two and twenty. Appellant agreed to a bench trial on stipulated facts and additional evidence on count twenty-five.

The district court, 622 F.Supp. 319, convicted on counts three through six, on count eight, and on count twenty-five. Pursuant to the plea agreement, the court set aside the judgment of conviction on count one. The court sentenced Zavala to ten years confinement on count nineteen, ten years on count twenty-five, and four years each on counts three through six and eight. All the sentences run concurrently.

On this appeal appellant challenges his convictions on counts three through six and count eight (the communication counts), and count twenty-five (the continuing criminal enterprise count). He does not challenge his conviction on count nineteen. We affirm the convictions.

▆ Appellant first challenges the sufficiency of the indictment on the communication counts. The indictment charged Zavala with using a telephone to facilitate the commission of violations of 21 U.S.C.

* Judge Kozinski was drawn to replace Judge Kennedy. He has read the briefs and reviewed

§§ 841(a)(1), 846, 952, 963. The indictment recited specifically the dates and times of, and the parties to, the illegal conversations. The full text of the indictment on the communication counts is as follows:

COUNTS THREE THRU FIVE: (Title 21, United States Code, Section 843(b))

The Grand Jury further charges: THAT

On or about the dates hereinafter set forth in Counts Three thru Five of this Indictment, in the State and Northern District of California,

JULIO ZAVALA and ERNESTO LANSIG–CABALLERO,

defendants herein, unlawfully, knowingly and intentionally did use a telephone in committing, causing and facilitating the commission of felony violations of Title 21, United States Code, Sections 963, 952, 846, and 841(a)(1), in communications with persons in the telephone calls listed in Counts Three thru Five:

| COUNT | DATE | HOUR | PERSONS CONVERSING |
|---|---|---|---|
| Three | 8/28/82 | 1053 hrs | Julio Zavala and Ernesto Lansig-Caballero. |
| Four | 9/5/82 | 1143 hrs | Julio Zavala and Ernesto Lansig-Caballero. |
| Five | 9/9/82 | 1831 hrs | Julio Zavala and Ernesto Lansig-Caballero |

COUNTS SIX THRU EIGHT: (Title 21, United States Code, Section 843(b))

The Grand Jury further charges: THAT

On or about the dates hereinafter set forth in Counts Six thru Eight of this Indictment, in the State and Northern District of California,

JULIO ZAVALA,

defendant herein, unlawfully, knowingly and intentionally did use a telephone in committing, causing and facilitating the commission of felony violations of Title 21, United States Code, Sections 963, 952, 846, and 841(a)(1), in communications with persons in the telephone calls listed in Counts Six thru Eight:

the record.

| COUNT | DATE | HOUR | PERSONS CONVERSING |
|-------|------|------|---------------------|
| Six | 9/13/82 | 2109 hrs | Julio Zavala and Angela Cabezas. |
| Seven | 9/22/82 | 1051 hrs | Julio Zavala and Doris Solomon. |
| Eight | 9/23/82 | 1513 hrs | Julio Zavala and Carlos Cabezas. |

Indictments that follow statutory language are generally sufficient if the statute sets forth the elements of the crime, *see, e.g., Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974), although following statutory language is not a cure-all. *See, e.g., United States v. Keith*, 605 F.2d 462, 464 (9th Cir.1979) (tracking statutory language is insufficient when statutory language does not contain all essential elements of offense). In this case, each count refers to the underlying substantive criminal statute prohibiting drug transactions, so the defendant in each instance is advised that on the dates and at the precise times shown, he used the telephone to converse with a specific person, all in connection with drug transactions.

■ Appellant argues that the indictment here was insufficient because it leaves open the possibility that the controlled substance in question could have been any one of one hundred and forty-two substances set forth in Title 21. Appellant relies upon a Seventh Circuit case, *United States v. Hinkle*, 637 F.2d 1154 (7th Cir. 1981). In *Hinkle* the indictment merely charged that the defendant, on or about a certain day, used a telephone to facilitate a felony under 21 U.S.C. §§ 841(a)(1), 843(b). The court held that the indictment was insufficient because it allowed for the possibility that the defendant could have facilitated any one of one hundred and forty-two predicate felonies in six different ways. *Id.* at 1158. The court concluded that without a statement as to the controlled substance in question and the manner of commission, the indictment was too vague. *Id.* The appellant argues that the indictment in this case is deficient for the same reason.

*Hinkle* is not, however, the Seventh Circuit's last pronouncement in this area. *United States v. Keck*, 773 F.2d 759 (7th Cir.1985), distinguished *Hinkle* as follows:

The indictment in this case, unlike the one involved in *Hinkle*, did not infringe upon defendants' Fifth or Sixth Amendment rights. In this case, the counts alleging violations of 21 U.S.C. § 843(b) specified the type of communication facility used (a telephone), the felony facilitated (conspiracy to possess with intent to distribute and to distribute a controlled substance), as well as the dates and approximate times when the conversations occurred. *Cf. Hinkle*, 637 F.2d at 1158. Although the counts did not identify the controlled substances involved, they did, nonetheless, refer to the conspiracy "as charged in Count I." ... Defendants therefore knew that the indictment charged them with using the telephone, on specific days and at specific times, to facilitate a conspiracy to possess with intent to distribute and to distribute cocaine and PCP.

*Id.* at 764. As in *Keck*, the indictment here specified in count one that the defendants, including Zavala, were charged with conspiracy to "import, distribute, and possess with intent to distribute cocaine, a Schedule II narcotic substance listed in Title 21, United States Code, Section 812."

It is true that the substantive counts here do not specifically refer to count one, which charged the conspiracy to import cocaine. However, this is a defect of form, not substance. We must overlook such a defect where, as here, defendant challenged the indictment for the first time on appeal. *United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir.1976). We conclude, therefore, that the indictment here, although not a model, is sufficient.

■ Appellant next argues that there was insufficient evidence of guilt on count six. We disagree. The district court found that the purpose of the call described in the indictment was to tell the appellant that a messenger would be by to collect drug money that the appellant owed. Appellant contends that paying a debt without expectation of future dealing does not facilitate the distribution conspiracy. We doubt the premise, but, in any event, there was sufficient evidence to support the inference that

the appellant was still in the cocaine business, and payment ensured that he could continue in it.

■ Appellant's next contention is that the government failed to produce sufficient evidence of guilt to convict him of operating a continuing criminal enterprise as charged in count twenty-five. We reject this argument. Appellant first contends that the crimes charged in the communication counts do not meet the requirement that the defendant engage in a continuing series of violations. *See* 21 U.S.C. § 848(b)(2). The continuing criminal enterprise statute unambiguously provides that felony violations of the relevant subchapters will suffice. *See* 21 U.S.C. § 848(b)(1); *see also United States v. Young*, 745 F.2d 733, 750 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985). Appellant was charged with and convicted of multiple illegal uses of a communication facility in violation of 21 U.S.C. § 843(b). The statute requires no more.

■ Resolving this argument against the appellant allows us also to dispose of his contention that the district court abused its discretion in denying a bill of particulars naming the predicate felonies for the continuing enterprise charge. *See United States v. Andrino*, 501 F.2d 1373, 1378 (9th Cir.1974). The appellant vigorously contested the communication counts, and they were central to the trial. His defense, therefore, was in no way hindered by the district court's refusal to force the prosecution to spell out its theory in further detail, and appellant will be fully able to plead double jeopardy at any subsequent criminal trial.

■ Returning now to the sufficiency of the evidence on count twenty-five, appellant also argues that he is not among the class of offenders sought to be penalized for operating a continuing criminal enterprise. The government does not need to show, however, that appellant was a ringleader; rather it need only show that he organized, managed, or supervised at least five people. *See United States v. Phillips*, 664 F.2d 971, 1034 (5th Cir.1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982), 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). Appellant admitted that over several years he conspired with many people and was involved in distributing over thirty kilograms of cocaine valued at $1.8 million. The evidence was therefore sufficient that he was within the class of offenders.

Finally, appellant attacks his conviction on count twenty-five by arguing that he did not earn substantial income from the enterprise. *See* 21 U.S.C. § 848(b)(2)(B). The large amount of cocaine traded, and the selling price of over $63,000 per kilogram, are sufficient to permit the district court to infer that the appellant earned substantial income from the enterprise. We therefore turn back each of appellant's challenges to the sufficiency of the evidence to convict on count twenty-five.

Appellant's next contention is that all of the appealed convictions should be set aside because the district court did not order the transcription and translation from Spanish to English of each one of the thousands of phone calls intercepted pursuant to a court-ordered wiretap. Approximately 11,000 telephone conversations were intercepted. The government concluded that about 1,800 of the conversations were drug-related, and gave defense counsel transcriptions of the contents of these conversations, as well as the tapes themselves. The transcriptions were the English version of conversations that were conducted mostly in Spanish. The government provided defense counsel with the other 9,200 tapes, but no transcriptions or translations.

Appellant argues that the failure to provide defense counsel with translations of the other 9,200 conversations violated his due process and equal protection rights, citing *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). He argues that the failure to provide translation of the other tapes prejudiced his ability to prepare a defense, in that he was unable to prove that phrases that the government alleged were code words actually had an innocent explanation. He urges that access to the other conversations would have given him this opportunity.

█ In the context of a case with 11,000 conversations, and a reasonable response by the court and the prosecution, this argument is frivolous. The court repeatedly offered to provide the appellant with a translator or interpreter who could sit down with defense counsel and identify any tapes that would be crucial to the defense. If any important tapes turned up, the court offered to have those tapes neutrally transcribed and translated. Defense counsel conceded that if the tapes were in English he would have had no right to a transcription. The procedures used here were reasonable and fully respected appellant's constitutional rights.

Appellant next contends that the district court abused its discretion in not revealing the identity of the government's confidential informant. *See, e.g., United States v. Anderson,* 509 F.2d 724, 729–30 (9th Cir. 1974), *cert. denied,* 420 U.S. 910, 95 S.Ct. 831, 42 L.Ed.2d 840 (1975). Having reviewed the *in camera* materials submitted to the district court, we conclude that the district court was within its discretion in denying the motion for disclosure. *See generally Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957) (district court must weigh public's interest in protecting flow of information against individual's need to prepare his defense).

█ Appellant's next challenge to his convictions is that the court failed to order the government to produce the statements of various government witnesses in their probation reports. But disclosure of the reports is not compelled by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Jencks Act, 18 U.S.C. § 3500, or Rule 16 of the Federal Rules of Criminal Procedure if the reports are in the hands of the court or the probation office. *United States v. Trevino,* 556 F.2d 1265, 1270 (5th Cir.1977). Here appellant has conceded that the probation department has control of all the reports, and thus none of the theories mentioned above is of any help to him. Further, Federal Rule of Criminal Procedure 32(c)(3)(E) does not ad-

vance appellant's argument because, by its own terms, it applies only to the defendant who is being sentenced, and not codefendants.

█ Appellant's next argument is that the district court's quashing of subpoenas seeking to compel the attendance of thirty-six FBI agents violated his confrontation rights. Appellant contends that he lost the right to challenge the accuracy of the transcriptions of various incriminating conversations. Appellant, however, stipulated to the accuracy of the transcriptions, and therefore the district court was well within its discretion in quashing the subpoenas. *See United States v. Wilson,* 578 F.2d 67, 70 (5th Cir.1978).

█ Appellant's final argument is that his trial on the continuing criminal enterprise count put him twice in jeopardy because he had already pleaded guilty to, and been convicted of, conspiracy to import and distribute cocaine. When appellant pleaded guilty to the conspiracy charge, however, he expressly agreed that the court should try the continuing criminal enterprise charge on the basis of stipulated facts. After the appellant was found guilty of the continuing criminal enterprise count, the district court dismissed the conspiracy count. A defendant may not raise the defense of double jeopardy to a charge on which he expressly agrees to be tried. *See Ricketts v. Adamson,* —— U.S. ——, 107 S.Ct. 2680, 2686, 97 L.Ed.2d 1 (1987).

AFFIRMED.

REINHARDT, Circuit Judge, dissenting:

Because the indictment in this case was inadequate, we should reverse Zavala's conviction. I therefore respectfully dissent.

## I. General Principles

The fifth amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment[1] or indictment of a Grand

---

1. A presentment "is the notice taken by a grand jury of any offense from their own knowledge

Jury...." U.S.Const. amend. V. Inasmuch as the presentment has fallen into desuetude, the use of an adequate indictment has become a constitutional imperative. As explained by a leading treatise: "The use of a presentment is obsolete in the federal courts, and is not authorized by Rule 7 [of the Federal Rules of Criminal Procedure]. Accordingly, where the constitutional provision is applicable, an indictment must be used." 1 C. Wright, *Federal Practice and Procedure: Criminal* 2d § 121, at 338 (1982). A constitutionally sufficient indictment, consequently, must precede any conviction for a "capital, or otherwise infamous crime."[2]

The Supreme Court has declared that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) (citing *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953)). *See also United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir.1979). Thus the fifth and sixth amendments are both implicated.

An indictment may use the language of the statute in the general description of an offense. Invoking statutory language, however, does not relieve the government of its duty to furnish the defendant with a sufficient description of the charges against him, in order to allow him to prepare his defense, ensure that the prosecution is based on facts presented to the grand jury, enable the defendant to plead double jeopardy against a late prosecution, and inform the court of the facts alleged.

" 'In an indictment upon a statute,' " the Supreme Court has said, " 'it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished....' " *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962) (quoting *United States v. Carll*, 105 U.S. (15 Otto) 611, 612, 26 L.Ed. 1135 (1881)). *See also United States v. Keith*, 605 F.2d 462, 464 (9th Cir.1979).

The Court has also stated that "it is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell v. United States*, 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962) (citations omitted). In *United States v. Cecil*, we explained the rationale underlying this "established rule."

> If a bill of particulars were allowed to save an insufficient indictment, the role of the grand jury as intervenor would be circumvented. Rather than the assurance that a body of fellow citizens had assessed the facts and determined that an individual should face prosecution, the prosecutor would be in a position to second guess what actually happened within the grand jury and fill in the gaps with what he assumed transpired. The protection of a significant check on the power of the courts and prosecutors would thus be lost.

608 F.2d at 1296. By the same token, " 'open file' discovery cannot cure an invalid indictment." *Id.*

"Each count in an indictment," the District of Columbia Circuit has explained, "is regarded as if it was [sic] a separate indictment." *United States v. Fulcher*, 626 F.2d 985, 988 (D.C.Cir.) (citing *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190,

---

or observation, without any bill of indictment laid before them at the suit of the king." 4 W. Blackstone, *Commentaries* *301.

**2.** Over a century ago, the Supreme Court stated: "For more than a century, imprisonment at hard labor in the State prison or penitentiary or other similar institution has been considered an infamous punishment in England and America."

*Ex Parte Wilson*, 114 U.S. 417, 428, 5 S.Ct. 935, 940, 29 L.Ed. 89 (1885). The Advisory Committee on the Federal Rules of Criminal Procedure concluded more specifically that "any offense punishable by imprisonment for a term of over one year is an infamous crime." Fed.R.Crim.P. 7 advisory committee note.

76 L.Ed. 356 (1932)), *cert. denied,* 449 U.S. 839, 101 S.Ct. 116, 66 L.Ed.2d 46 (1980). "Each count," *Fulcher* stated further, "must stand on its own, and cannot depend for its validity on the allegations of any other count not specifically incorporated." *Id.* (citations omitted). *See generally* 1 C. Wright, *Federal Practice and Procedure: Criminal* 2d § 123, at 349–51 (1982). We must assess Zavala's indictment on the basis of these principles.

## II. *Challenging an Indictment for the First Time on Appeal*

Zavala presents his objections to the indictment for the first time on appeal. In *United States v. Pheaster,* 544 F.2d 353 (9th Cir.1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977), we stated that a defendant never waives his right to challenge an indictment. We explained, nonetheless, that "indictments which are tardily challenged are liberally construed in favor of validity." *Pheaster,* 544 F.2d at 361. *See also Carlson v. United States,* 296 F.2d 909, 910 (9th Cir.1961). More specifically, the Supreme Court has stated that courts should uphold indictments not challenged before the verdict if "the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." *Hagner v. United States,* 285 U.S. at 433, 52 S.Ct. at 420 (1932). We must therefore disregard errors of phrasing. But the indictment must be substantively sufficient. "Liberality in testing the sufficiency of an indictment," we said in *Carlson v. United States,* "applies to matters of form and not of substance." 296 F.2d at 912. In *United States v. Cluchette* we specified further: "The true test is whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet." 465 F.2d 749, 753 (9th Cir.1972) (citing *United States v. Mitman,* 459 F.2d 451 (9th Cir.), *cert. denied,* 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 111 (1972)).

Thus, when a defendant complains about the sufficiency of the indictment only after the verdict, we take a liberal view of the indictment. We read it less strictly, using a more relaxed standard than we would if the defendant had raised a timely objection. We examine the counts individually and, as long as they can each reasonably be construed as containing the "essential element[s]" we uphold the indictment, even if it "is loosely and inartificially drawn." *Hagner v. United States,* 285 U.S. at 433, 52 S.Ct. at 420. *See, e.g., United States v. Pheaster,* 544 F.2d at 359–63. But we still make certain that each count "informs a defendant of the charge against which he must defend, and ... enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. at 117, 94 S.Ct. at 2907.

## III. *The 843(b) Counts*

Counts three through eight of the indictment charge Zavala with violations of 21 U.S.C. § 843(b) (1982), i.e., the use of a communication device in interstate commerce to facilitate a drug felony. The counts include the dates, times, and participants in the alleged offense but otherwise simply track the statutory language. *See* Maj. op. at 525–26 (reprinting indictment). The indictment entirely fails to identify the proscribed substance involved or the alleged offense that was facilitated through the use of the communication device. In response to motions by the defense, the trial court ordered the government to issue a bill of particulars informing Zavala that the illegal substance involved was cocaine and the offenses facilitated were the possession and conspiracy asserted elsewhere in the indictment.

As I have already explained, we cannot uphold the indictment unless these counts are separately sufficient. *United States v. Fulcher,* 626 F.2d at 988. Moreover, repeating statutory language will not in and of itself salvage an inadequate indictment. *United States v. Russell,* 369 U.S. at 765, 82 S.Ct. at 1047. Finally, the government may not by means of a bill of particulars salvage an invalid indictment. *Id.* at 770, 82 S.Ct. at 1050.

The various section 843(b) counts in the indictment state that at a specified date and time, specified persons violated 21 U.S. C. § 843(b) in that they "unlawfully, knowingly and intentionally did use a telephone in committing, causing and facilitating the commission of felony violations of Title 21, United States Code, Sections 963, 952, 846, and 841(a)(1)...." Maj. op. at 525 (reprinting indictment). The counts provide no further details.

Section 843(b) makes it unlawful intentionally to use a communications facility to commit, cause or facilitate any felony defined in 21 U.S.C. §§ 801–970 (1982). The indictment specifies that Zavala used the telephone to violate, *inter alia,* sections 846 and 841(a)(1). Section 846 declares it illegal to attempt to commit, or conspire to commit, any offense defined in 21 U.S.C. §§ 801–904. Thus, the indictment also charges Zavala with using the telephone to attempt to commit, *or* to conspire to commit, any of the offenses listed in that portion of Title 21. By combining the references to section 841(a)(1) in the indictment and in section 846, one can conclude that Zavala was charged with using a telephone to violate section 841(a)(1), or to attempt to commit a violation of section 841(a)(1), *or* to conspire to commit a violation of section 841(a)(1).

Section 841(a)(1) lists six different unlawful acts: (i) manufacturing of a controlled substance, (ii) distribution of a controlled substance, (iii) dispensing a controlled substance, (iv) possession of a controlled substance with intent to manufacture a controlled substance, (v) possession of a controlled substance with intent to distribute, and (vi) possession of a controlled substance with intent to dispense. Schedules I and II to section 812, include approximately 140 controlled substances. The section 843(b) counts do not specify which controlled substance was involved.

Simple arithmetic shows that each section 843(b) count in the indictment, insofar as it invokes sections 846 and 841(a)(1), refers to at least 2,520 separate offenses, without indicating with which one(s) Zavala is being charged. The Seventh Circuit,

faced with precisely this type of problem, held that an indictment under section 843(b) is insufficient unless it specifies the controlled substance involved as well as the precise felony under 841(a)(1) that was furthered by use of the telephone. *United States v. Hinkle,* 637 F.2d 1154, 1157–58 (7th Cir.1981); *see United States v. Keck,* 773 F.2d 759, 763–64 (7th Cir.1985). The Seventh Circuit relied on the Supreme Court's decisions in *Hamling* and *Russell* in reaching its result.

The counts challenged here, like those in *Hinkle,* "[were] framed in the language of 21 U.S.C. § 843(b) which defendant is charged with violating: they specify which communication device the defendant used, the telephone, and they specify the dates on which [he] used it." 637 F.2d at 1157. The *Hinkle* court thus explained the problem with such an indictment.

> [A]ppellant only knows that she is charged with using the telephone on certain days to facilitate in some manner the doing of one of six types of acts, any of which might involve any one of one hundred and forty-two controlled substances. The indictment tells her nothing about the gravamen of the alleged offense: what she attempted to facilitate with which controlled substance.

*Id.* at 1158. The Seventh Circuit therefore held, correctly in my view, "that an indictment issued for violations of 21 U.S.C. 843(b) must specify the type of communication facility used, the date on which it was used, the controlled substance involved and some sort of statement of what is being facilitated with that controlled substance which constitutes a felony." *Id. See also United States v. Keck,* 773 F.2d at 763–64. *Cf. United States v. Ramos,* 666 F.2d 469, 474 (11th Cir.1982) ("[T]he indictment's tracking of the statutory language, supplemented by precise allegations of the time and place of the criminal activity, the names of the participants and the controlled substance involved, would appear entirely sufficient."). Inasmuch as the counts here do not specify the controlled substance involved nor the felony facilitat-

ed by the use of the telephone, the indictment is equally insufficient.[3]

The majority relies on *United States v. Keck*, 773 F.2d at 763–64, in which the court rejected a claim that an indictment was insufficient. Maj. op. at 526. However, in *Keck*, as the majority acknowledges, the counts in question not only specified the felony alleged but also identified by reference the controlled substance involved. Neither element is present in the counts we are considering in our case. The majority contends that the defendant can supply those missing elements by analyzing other parts of the indictment. Thus, the majority dismisses the absence from those counts of (1) the statement of the felony alleged and (2) reference to the drug involved as "a defect of form, not substance" which should be overlooked. Maj. op. at 526. While this glib characterization has obvious appeal, it is wholly inconsistent with the fundamental requirements governing indictments and their separate counts set forth in, *inter alia, Hamling v. United States*, and *United States v. Fulcher*.

## IV. *Charging in the Disjunctive*

The section 843(b) counts violate in the extreme the constitutional prohibition against charging a defendant disjunctively. For these counts charge Zavala in the disjunctive with over two thousand different acts through which the offense therein described may be committed. The indictment thus deprived Zavala of the fundamental rights that the fifth amendment guarantees him.

If an offense can be committed in more than one way, an indictment is insufficient if it charges in the disjunctive. As noted in a leading treatise, "if the indictment or information alleges the several acts in the disjunctive it fails to inform the defendant which of the acts he is charged with having committed, and it is insufficient." 1 C. Wright, *supra*, § 125 at 373–74 (footnote omitted). In other words, a court must invalidate an indictment containing a count that states that the defendant committed the offense in one manner *or* that he committed it in a different manner.

Even when the underlying statute lists disjunctively the different means through which an offense may be committed, the indictment must list them conjunctively.[4] "Once it is determined that the statute defines but a single offense," we stated in *United States v. UCO Oil Co.*, "it becomes proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment." 546 F.2d 833, 838 (9th Cir.1976) (citing *United States v. Alsop*, 479 F.2d 65, 66 (9th Cir.1973)), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977). As explained in *Wharton's Criminal Procedure*, "it is fatal for an indictment or information to charge disjunctively in the words of the statute, if the disjunctive renders it uncertain as to which alternative is intended." 2 *Wharton's Criminal Procedure* § 291 (12th ed. 1975) (footnote omitted). Wharton's reports that even the use of "and/or" is inadequate. *Id.* (footnote omitted).

It appears to me that the indictment in this case impermissibly charges in the disjunctive. A violation of section 843(b) can be accomplished in many different ways. The indictment does no more than refer to sections 841(a)(1) and 846. Thus, one must

---

3. In *United States v. Adams*, the Third Circuit held that the section 843(b) indictment was sufficient under *Hamling* when it stated the precise date and time of the phone call, the participants, and the precise felonies facilitated, although the controlled substance involved was not stated. 759 F.2d 1099, 1116–17 (3d Cir.1985), *cert. denied*, 474 U.S. 906, 106 S.Ct. 275, 88 L.Ed.2d 236 (1985). The indictment before us does not even meet the weaker test set forth in *Adams*. For it "merely charged facilitation of an offense under 21 U.S.C. 841(a)(1) without identifying which of six types of acts prohibited by that section the defendant had facilitated." *Id.* at 1117.

4. At trial, proving that the defendant committed the offense through any of the means listed will suffice to secure a conviction. As we held in *United States v. Jones:* "Where a crime, denounced disjunctively in a statute, is charged in the conjunctive, the proof of any one of the allegations will sustain the conviction." 491 F.2d 1382, 1384 (9th Cir.1974) (citations omitted). At the same time, charging in the conjunctive bars "further prosecution in respect of any of the matters embraced by [the court]." *Crain v. United States*, 162 U.S. 625, 636, 16 S.Ct. 952, 955, 40 L.Ed. 1097 (1896).

read it as incorporating the words of sections 841(a)(1) and 846 by reference. Sections 841(a)(1) and 846, however, are written in the disjunctive: The defendant conspired to commit, *or* attempted to commit; the defendant manufactured, *or* distributed, *or* dispensed, etc. The section 843(b) counts, hence, charge Zavala disjunctively with over two thousand acts. The counts thus represent a flagrant violation of the constitutional prohibition against charging in the disjunctive.

## V. *Zavala Did Not Waive His Claim Due to Delay*

My colleagues do not contend with any conviction that they would have upheld the 843(b) counts in the indictment had Zavala raised his claim prior to this appeal. In fact they make no such assertion at all. Instead, they hold only that in the context of an indictment challenged for the first time on appeal, it is sufficient.

We cannot disregard the serious deficiencies of the present indictment simply because Zavala raises his claim for the first time on appeal. As discussed *supra*, a defendant never waives his right to challenge an indictment. We, of course, interpret liberally an indictment belatedly challenged but this only means that we will disregard errors of form and that we will give a broad reading to the language employed. It does not mean that the indictment may omit elements that are deemed essential to its constitutionality. An indictment substantively insufficient cannot stand, even when the defendant fails to bring the issue to the attention of the trial court. *See Carlson v. United States*, 296 F.2d at 912.

Here the section 843(b) counts of indictment fail to set forth essential elements. No reading of their language, no matter how broad or relaxed can supply those missing terms. The problem here cannot be solved by using one approach or another to construing the charging document. Thus the majority's reliance on *United States v. Pheaster* is wholly misplaced. The indictment here cannot stand, notwith-

standing appellant's failure to challenge it below, because it does not "sufficiently apprise[ ] the defendant of what he must be prepared to meet." *United States v. Cluchette*, 465 F.2d at 753 (citing *United States v. Mitman*, 459 F.2d 451 (9th Cir.), *cert. denied*, 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 111 (1972)). As I have pointed out *supra*, an indictment charging violations of section 843(b) is not constitutionally sufficient unless it specifies the particular felony being facilitated as well as the controlled substance involved. Here, the counts in effect allege more than two thousand acts in the disjunctive. These deficiencies deprived Zavala of his right to definite notice of the precise charges against him as well as of his right to plead double jeopardy in any subsequent prosecution. They render the indictment insufficient even under the most liberal of readings.

### *Conclusion*

The 843(b) counts impermissibly charge in the disjunctive and fail to mention the particular felony facilitated and the controlled substance involved. Inasmuch as these defects are clearly substantive, those counts of the indictment should be invalidated even though Zavala raised his claim for the first time on appeal.