Sepulveda, David v. USA                    CV-95-55-SD    01/06/97

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


David Sepulveda

_____v.                              Civil No.95-55-SD

United States of America



                              O R D E R


     Invoking the provisions of 28 U.S.C. § 2255,[1] David

Sepulveda challenges his criminal sentence.  Following a lengthy

jury trial, such sentence was imposed for the offense of engaging

in a continuing criminal enterprise (CCE) in violation of 21

U.S.C. § 848.[2]

---

     [1]28 U.S.C. § 2255 provides in relevant part:

          A prisoner in custody under sentence of a
          court established by Act of Congress claiming
          the right to be released upon the ground that
          the sentence was imposed in violation of the
          Constitution or laws of the United States, or
          that the court was without jurisdiction to
          impose such sentence, or that the sentence
          was in excess of the maximum authorized by
          law, or is otherwise subject to collateral
          attack, may move the court which imposed the
          sentence to vacate, set aside or correct the
          sentence.


     [2]21 U.S.C. § 848(c) defines a CCE to include whenever the
accused

          (1) . . . violates any provision of this
          subchapter or subchapter II of this chapter, the
          punishment for which is a felony, and
          (2) such violation is a part of a continuing

The motion focuses on a perceived erroneous jury instruction, and the failure of movant's counsel to object to such instruction. For reasons which follow, the motion will be denied.

1.  Background

Sepulveda was indicted with several others who were charged with participation in a drug trafficking conspiracy. His conviction was affirmed on appeal. United States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993), cert. denied, ___ U.S. ___, 114 S. Ct. 2714 (1994).

The movant now claims that an instruction of the court on an element of the CCE offense deprived him of due process in that it permitted the government to eliminate its burden of proof on this element.[3] He contends that the failure of his counsel to object to this instruction equates with ineffective assistance.

---

series of violations of this subchapter or subchapter II of this chapter--
  (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
  (B) from which such person obtains substantial income or resources.

[3]It is elemental that an accused may not be convicted "'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" Cate v. Louisiana, 498 U.S. 39 (1990) (quoting In re Winship, 397 U.S. 358, 364 (1970)).

2

2. Discussion

A conviction for violation of 28 U.S.C. § 848 requires the government to prove that the defendant (1) committed a drug offense punishable as a felony (2) as part of a continuing criminal enterprise (3) in which the defendant committed a series of drug offenses in concert with five or more persons with respect to whom the defendant acted as supervisor, organizer, or manager and (4) obtained substantial income or reasonable resources from the drug violations. United States v. Newton, 891 F.2d 944, 951 (1st Cir. 1989); United States v. Tarvers, 833 F.2d 1068, 1074 (1st Cir. 1987).

Accordingly, the court instructed the jury, in relevant part,

> . . . and the phrase 'obtained substantial income or resources' is also to be given its usual and ordinary meaning. The statute requires proof that the income or resources obtained from the activity must be significant, not trivial. It is not limited to profit, but includes gross income or gross receipts. The term 'substantial income or resources' may include money or other things of value, such as controlled substances which are actually received by the defendant.[4]

It is well established that the element of "substantial income or resources" may be proven by circumstantial evidence, and drugs may constitute a "resource". United States v. Smith, 918 F.2d 1501, 1513-14 (11th Cir. 1990), cert. denied, 502 U.S. 849, 890 (1991); United States v. O'Connell, 841 F.2d 1408, 1425

_____

[4]See DEVITT, BLACKMAR & O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS ¶ 55.08 (4th ed. West 1990).

3

(8th Cir.), <u>cert. denied</u>, 487 U.S. 1210 (1988); <u>United States v. Zavala</u>, 839 F.2d 523, 527 (9th Cir.), <u>cert. denied</u>, 488 U.S. 831 (1988); <u>United States v. Ayala</u>, 769 F.2d 98, 101-02 (2d Cir. 1985). Therefore, the instruction as given was correct, and it cannot be defeated by the snippets of testimony gathered by movant to support his claim that it was unsupported by the evidence.[5] Indeed, the court's review of the trial transcripts merely serves to confirm the finding made by the court of appeals as follows:

> For almost six years, David Sepulveda conducted an increasingly sophisticated cocaine distribution business in and around Manchester, New Hampshire, Initially, Sepulveda purchased cocaine from a vendor in Nashua, New Hampshire, and transported it to Manchester himself. Over time, Sepulveda expanded his operation, increasing the volume of cocaine, and engaging others to handle tasks such as pickup, delivery, and street-level sales.

<u>United States v. Sepulveda</u>, <u>supra</u>, 15 F.3d at 1172.

From what has been written to this point, it is clear that there was no constitutional error in the challenged instruction.

### 3. Ineffective Assistance

In general, a claim of ineffective assistance of counsel requires proof (1) that counsel fell short of the applicable performance standard and (2) that prejudice resulted. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Argencourt v. United</u>

---

[5]Nor does the fact that defendant was found unable to pay a fine as of his sentencing date detract from the profusion of evidence of his extensive dealing in drugs prior to his arrest.

4

States, 78 F.3d 14, 16 (1st Cir. 1996). The test of performance is grounded on what counsel knew, or should have known, at the time his tactical choices were made and implemented. Id. Proof of prejudice requires a showing not only that counsel was deficient but also that his errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

As previously outlined, movant bases his claim of ineffective assistance on the failure of counsel to object to a perfectly proper jury instruction of the court. As there was no error in such instruction, it follows that the claim of ineffective assistance is clearly without merit.[6]


4. Conclusion

As the motion, files, and records of the case conclusively show that David Sepulveda is not entitled to the relief sought, this motion is denied. The clerk is directed to close this case.

SO ORDERED.

                                       _____
                                       Shane Devine, Senior Judge
                                       United States District Court

January 6, 1997
cc:   David Sepulveda, pro se
      US Attorney
      US Marshal
      US Probation
      David Bownes, Esq. (for information)

---

[6]Indeed, movant's counsel performed with exceptional skill in both the trial and appellate phases of this litigation.