951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Concepcion Jose GARCIA, Defendant-Appellant.
 Nos. 90-30455, 90-30456.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1991.
Decided Dec. 16, 1991.
 
 Appeal from the United States District Court for the District of Oregon; Nos. CR-89-0194-01-MFM, CR-89-00317-01-MFM, Malcolm F. Marsh, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before: TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Concepcion Jose Garcia appeals his conviction for distributing cocaine in violation of 21 U.S.C. § 841(a)(1), and possessing with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). We affirm.
 
 
 3
 * In support of his entrapment defense, Garcia testified that he had never been in the business of selling drugs. In rebuttal, the government put on Detective Ryon and INS Agent Valladolid, who testified about an earlier drug deal that purportedly involved Garcia and a known drug dealer, Tim Harrington. The officers were unable positively to identify Garcia, so the district court struck the testimony. Garcia contends that the court should have granted his motion for mistrial. The refusal to grant a mistrial was not an abuse of discretion. See United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir.1989), cert. denied, 493 U.S. 1083 (1990).
 
 
 4
 The court gave a forceful instruction admonishing the jurors to disregard all of the stricken testimony. Also, any prejudice resulting from the jurors' hearing evidence that turned out not to be relevant was mitigated by the probative force of relevant, admissible evidence such as the testimony of Catherine Shadbolt and Sheriff's Deputy Welch. See United States v. Morris, 827 F.2d 1348, 1351 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988).
 
 
 5
 Garcia argues that the four factors enumerated in United States v. Bates, 917 F.2d 388, 395-96 (9th Cir.1990), amended, No. 90-10127, slip op. 15723 (9th Cir. Jan. 2, 1991) (technical grounds), should be used to evaluate whether a mistrial was appropriate. This argument is misplaced, however. The four-factor Bates test is used to determine whether a district court's decision to grant a mistrial is appropriate, and whether double jeopardy bars a retrial after the granting of a mistrial. See id. This test does not apply when the issue is not whether a mistrial was correctly granted, but whether the denial of a motion for a mistrial was an abuse of discretion.
 
 
 6
 Garcia further claims that the government's closing argument impermissibly referred to the stricken testimony. The government referred to the black bag found in Garcia's car which contained cocaine and a trip permit, and to a link between Garcia, Harrington, and Harper. In both cases, the argument was supported by testimony other than that of Ryon and Valladolid, and in neither case did the government mention Ryon, Valladolid, or their testimony.
 
 
 7
 Nor was Garcia denied the effective assistance of counsel in closing argument. Garcia's counsel was free to dispute the government's closing contentions without being forced to recall to the jury the stricken testimony.
 
 
 8
 We need not reach Garcia's double jeopardy claim. The district court did not abuse its discretion in denying the motion for a mistrial, and the question of whether a retrial is permissible therefore never arises.
 
 II
 
 9
 Garcia argues that the instruction on entrapment could have lead the jury to shift the burden of proof onto Garcia, and that the district court erred by failing to "clarify" the burden of proof issue when responding to the jurors' question.
 
 
 10
 The district court's formulation of the instruction was not an abuse of discretion. See United States v. Bordallo, 857 F.2d 519, 527 (9th Cir.1988), amended on other grounds, 872 F.2d 334 (9th Cir.), cert. denied, 493 U.S. 818 (1989). The court properly instructed on the three elements of entrapment; it also gave a clear burden of proof instruction, and at the end of the entrapment instruction reiterated that the government bore the burden of proving that the defendant was not entrapped beyond a reasonable doubt.
 
 
 11
 Notaro v. United States, 363 F.2d 169 (9th Cir.1966), upon which Garcia relies, does not invalidate the instruction in this case. In Notaro, the court instructed on reasonable doubt, but introduced the elements of entrapment by the phrase "on the other hand." Id. at 173. Unlike the instructions in this case, the court's statement in Notaro had a reasonable probability of leading the jury to shift the burden of proof onto the defendant. Id. at 175-76.
 
 
 12
 Nor did the district court err when it responded to the jurors' question, "Do all three elements have to be met in order for it to be considered entrapment?" The court's answer, "yes," accurately stated the law, and did not create confusion about which party bears the burden of proof on this issue.
 
 III
 
 13
 Garcia argues that the district court improperly limited cross-examination of informant John Harper by withholding the names of informants with information about Harper, and declining discovery of other material about him. Limitations on cross-examination only violate the Confrontation Clause of the Sixth Amendment if they deny the jury sufficient information to appraise the biases and motivations of a witness. See Delaware v. Van Arsdall, 475 U.S. 673, 678-80 (1986); United States v. Jenkins, 884 F.2d 433, 435-36 (9th Cir.), cert. denied, 493 U.S. 1005 (1989).
 
 
 14
 Even though the district court limited Garcia's questioning of John Harper, Garcia was still able to question Harper at length about his activities as a drug dealer, and about the deals he had arranged with both state and federal prosecutors. The jury had ample information to evaluate Harper's testimony.
 
 
 15
 The district court's decisions to limit discovery and to withhold the identification of confidential informants are reviewed for abuse of discretion. See United States v. Michaels, 796 F.2d 1112, 1115 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987) (discovery limitations); United States v. Zavala, 839 F.2d 523, 528 (9th Cir.), cert. denied, 488 U.S. 831 (1988) (identity of informants). Because Garcia was able thoroughly to examine and impeach Harper, we cannot say the district court abused its discretion.
 
 IV
 
 16
 Garcia contends that reversal of his conviction is required because the government violated the Jencks Act, 18 U.S.C. § 3500, Federal Rules of Criminal Procedure 12(d)(2) and 16(a)(1)(C), and the district court's discovery order, when it failed to produce Ryon's and Valladolid's surveillance reports in a timely manner. He also asserts that the delay in producing these reports constituted trial by ambush.
 
 
 17
 Even if the government did not timely comply with its discovery obligations, the court provided Garcia with an adequate remedy. Striking the testimony and issuing a forceful jury instruction, coupled with the fact that probative relevant evidence was properly admitted, mitigated any prejudice to Garcia.[1]
 
 
 18
 Additionally, because the evidence was stricken, Garcia was never placed in the untenable position of having to diffuse the impact of surprise evidence. Cf. United States v. Baum, 482 F.2d 1325, 1332 (2d Cir.1973) (evidence not struck and defendants were unfairly surprised); United States v. Kelly, 420 F.2d 26, 29 (2d Cir.1969) (same); United States v. Powell, 587 F.2d 443, 447 (9th Cir.1978) (prosecutor's failure to disclose that important defense witness was out of the country smacked of trial by ambush).
 
 V
 
 19
 The district court refused to allow Jerry Elshire to testify about hearsay statements made to Elshire by Jose Rodriguez Garcia, who was unavailable. The court expressed doubts about whether the statements allegedly made by Rodriguez were admissible under Fed.R.Evid. 804(b)(3). Alternatively, the court held that exclusion was appropriate under Fed.R.Evid. 403. The district court did not abuse its discretion in excluding the testimony under either Rule 804(b)(3), see United States v. Slaughter, 891 F.2d 691, 697 (9th Cir.1989), or Rule 403, see United States v. Dupuy, 760 F.2d 1492, 1499 (9th Cir.1985).
 
 
 20
 The decision not to admit the hearsay statements pursuant to Rule 804(b)(3) was within the court's discretion. Rodriguez's statements were not made contemporaneously with the occurrence of the events to which they referred, and it is unclear whether Jose Rodriguez would be likely to speak truthfully to Elshire, a private investigator. See United States v. Layton, 855 F.2d 1388, 1405 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989). The district court could thus have found the statements lacked sufficient indicia of trustworthiness. See Fed.R.Evid. 804(b)(3); United States v. Satterfield, 572 F.2d 687, 691 (9th Cir.), cert. denied, 439 U.S. 840 (1978).
 
 
 21
 Even if refusing to admit the testimony were an abuse of discretion, reversal is not warranted because the error was harmless. See Slaughter, 891 F.2d at 698. Garcia had ample opportunity to present his theory of entrapment through his own testimony and the corroborating testimony of Casaras.
 
 
 22
 United States v. Benveniste, 564 F.2d 335 (9th Cir.1977), upon which Garcia relies, does not require a different result. Unlike Benveniste, the government in this case did not itself introduce hearsay statements made by the declarant. The fundamental unfairness of not permitting the defendant to respond, that we addressed in Benveniste, is therefore absent. Also unlike Benveniste, where the requirements of Rule 804(b)(3) were satisfied, id. at 341, the court found the requisite indicia of trustworthiness missing in this case.
 
 
 23
 In any event, the district court properly excluded the testimony under Rule 403. The relevant topic had already been covered by the testimony of Garcia and Casaras, while the probative value of the hearsay statements was substantially outweighed by the risk of prejudice to the government arising from its inability to cross-examine Rodriguez.
 
 VI
 
 24
 Garcia argues that the agreement between the government and Harper was a "bounty hunter" agreement. The use of an informant does not in and of itself establish outrageous government conduct, and there is nothing about the government's conduct in this case that is grossly shocking or outrageous. See Slaughter, 891 F.2d at 695.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Garcia also argues that the government improperly invoked Fed.R.Crim.P. 16(b)(1)(A) without being "certain" that the government had complied with its own discovery obligations. Even if the government invoked Rule 16(b)(1)(A) prematurely, striking the two agents' testimony was an adequate remedy