United States v. Burke, et al.     CR-96-050-M    06/20/97
                UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                                Criminal No. 96-50-1-6-M

John Burke, Stephen Burke,
Matthew McDonald, Patrick McGonagle,
Michael O'Halloran, and Anthony Shea


                        O R D E R


     On May 1, 1997, a federal grand jury returned a fifteen
count second superseding indictment, charging that defendants,
among other things, engaged in racketeering, conspiracy to
racketeer, conspiracy to commit armed robberies, and robbery.  On
June 16 and 17, 1997, the court conducted a hearing on all
pending discovery motions filed by defendants, at which all
counsel and all defendants were present (the "discovery
hearing").


     As a preliminary matter, the government is directed (and the
government has agreed) to complete production of all Rule 16
material on or before July 3, 1997.  It shall also produce any
and all materials covered by Brady v. Maryland, 373 U.S. 83
(1963); Giglio v. United States, 405 U.S. 150 (1972); and United
States v. Bagley, 473 U.S. 667 (1985), as required by those cases
and the Local Rules of this court.

<u>Matters Taken Under Advisement</u>.

At the discovery hearing, the court took under advisement several issues raised by defendants.  Those issues are addressed as follows.

A.   <u>Recordings of Telephonic Conversations</u>.

Several defendants seek production of recordings (made by the Bureau of Prisons) of telephonic conversations involving identified individuals who are (or were) inmates at correctional facilities.  The government objects to the production of such materials, arguing that: (1) it has produced copies of all recordings currently in its possession and it does <u>not</u> have any recordings of telephonic conversations made by the Bureau of Prisons and relating to the individuals identified by defendants; (2) obtaining and reviewing such recordings would be unduly expensive and time consuming, which, in light of the fact that defendants have failed to identify what, if any, Rule 16, Jencks Act, <u>Brady</u>, or <u>Giglio</u> material might be contained on those tapes, is not justified or warranted; and (3) the Bureau of Prisons is not, for Rule 16 or Jencks Act purposes, the "government" or the "United States" and, therefore, the United States Attorney's Office need not seek out such tapes, review them for discoverable material, and produce it for the defense.

The court took this issue under advisement at the discovery hearing and afforded all counsel the opportunity to submit briefs and/or memoranda on the issue. The government has submitted several authorities in support of its position. Defense counsel have not, however, supplemented their oral arguments at the hearing (the court notes, however, that counsel for defendant Anthony Shea did submit citations to three cases in support of his position at the discovery hearing).

Having reviewed the applicable law on this matter, the court holds that the government need not produce the requested Bureau of Prison tapes. Although the Jencks Act, 18 U.S.C. § 3500, requires the prosecution to produce any witness statements "in the possession of the United States which relate[] to the subject matter as to which the witness has testified," a number of courts have recognized that this requirement only applies to witness statements possessed by the prosecutor and investigative agencies pertaining to the case at hand. See, e.g., United States v. Zavala, 839 F.2d 523, 528 (9th Cir. 1988); United States v. Hutcher, 622 F.2d 1083, 1088 (2d Cir. 1980); United States v. Dansker, 537 F.2d 40, 61 (3rd Cir. 1976). This court is inclined to agree and concludes that, under the factual circumstances presented in this case, recordings of inmates' telephone

3

conversations made by the Bureau of Prisons are not subject to disclosure unless they are in the possession or control the prosecutorial arm of the government. See United States v. Trevino, 556 F.2d 1265, 1271 (5th Cir. 1977) (holding that the phrase "'statement . . . in the possession of the United States' [as used in § 3500] can only be read to mean a statement in the hands of the federal prosecutor" and, under Rule 16, "'the government' means the defendant's adversary, the prosecution."). See also United States v. McVeigh, No. 96-CR-68-M, 1997 WL 106559 (D.Colo. March 5, 1997) (quashing Rule 17(c) subpoena for Bureau of Prisons' security tapes).

Accordingly, defendants' motions seeking the production of Bureau of Prison security tapes (relating to telephonic conversations of certain identified individuals) not in the possession of the United States Attorney or other investigatory arm of the government are denied.

B.    FBI Evidence Protocols.

Several defendants also seek production of FBI protocols for the receipt, storage, analysis, and handling of evidence submitted to the FBI laboratory from 1990 to the present. However, other than making vague or general references to Brady,

4

_Giglio_, and the United States Constitution, none of the defendants has explained how or why such materials are properly discoverable in the context of a criminal prosecution. Aside from arguing that such materials are beyond the permissible scope of criminal discovery, the government asserts (among other things) that production of such materials is proscribed by 28 C.F.R. §§ 16.23(a) and 16.26(b)(5).

In the absence of any cogent argument or legal authority in support of defendants' claims that such material is properly discoverable, the court holds that it is outside the scope of Rule 16, _Brady_, and _Giglio_. Accordingly, defendants' request for the production of FBI evidence protocols is denied.

C.    <u>Materials Contained in Expert Witness Files</u>.

Pursuant to Rule 16(a)(1), several defendants also seek the production of all documents contained in files prepared and/or maintained by the government's expert witnesses, including records of measurements, data collected, and photographs. The pertinent provisions of Rule 16(a)(1) provide:

> **(E) Expert Witnesses.** At the defendant's request, the government shall disclose to the defendant <u>a written summary of testimony</u> the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. This

5

> summary must describe the witnesses' opinion, the bases and the reasons therefor, and the witnesses' qualifications.

(emphasis added). In support of their discovery request, defendants rely primarily upon the Seventh Circuit Court of Appeals' decision in United States v. Jackson, 51 F.3d 646 (7th Cir. 1995), where, in dicta, the court said: "Other contexts, such as cases involving technical or scientific evidence, may require greater disclosure, including written and oral reports, test, investigations, and any other information that may be recognized as a legitimate basis for an opinion under Fed.R.Evid. 703." Defendants also rely upon the Advisory Committee Notes which accompany the 1993 amendments to Rule 16. Nevertheless, those Advisory Committee Notes (like the unambiguous language of the Rule itself) clearly provide that the required disclosure "is in the form of a written summary and only applies to expert witnesses that [the government] intends to call."

Nothing in Rule 16 suggests that defendants are entitled to the documents and other information they seek. And, aside from the referenced dicta from the Seventh Circuit, defendants have provided the court with no binding or persuasive authority which suggests that the laws or Constitution of the United States entitle them to the materials they seek. Contrary to defendants'

6

argument, the rules governing civil discovery are not analogous and provide little meaningful insight into the scope of Rule 16 discovery; despite the recent amendments to Rule 16, criminal discovery at the federal level remains substantially less far-reaching than in the civil context.

The court presumes that the government is aware of its obligations under Rule 16 and will provide defendants with timely disclosure of all required materials. To the extent that defendants seek specific documents, measurements, notes, and/or calculations contained in the files of the government's expert witnesses, their requests for discovery are denied. Should any of the defendants reasonably believe that the government has failed to honor its Rule 16(a)(1)(E) obligation to provide "a written summary of the testimony the government intends to use . . . during its case in chief," he may bring the matter to the attention of the court, which will, if appropriate, impose an appropriate remedy.

D.    Discoverability of Co-Conspirator Statements.

Finally, several defendants seek the production of statements made by alleged co-conspirators. In support of their request, defendants note that they are entitled, pursuant to Rule

16(a)(1)(A), to "any relevant written or recorded statements made by the defendant."  Because statements by alleged co-conspirators may be admissible at trial as non-hearsay, pursuant to Federal Rule of Evidence 801(d)(2)(E), defendants claim that such co-conspirator statements are discoverable as "statements made by the defendant."

At the discovery hearing, the court agreed to afford defense counsel the opportunity to conduct additional legal research into this issue and present oral argument at the July, 1997 hearing. Accordingly, the court will defer ruling on this discovery matter until after that hearing.

<u>Remaining Discovery Issues</u>.

The court will now address the remaining issues raised in each of the pending discovery motions.  Having reviewed each of those motions, considered the arguments of counsel, and examined the applicable law, the court rules as follows:

I.  Motions Submitted by Defendant Stephen Burke.

A.    Motion for Rule 16 Materials.

Defendant Burke's motion for Rule 16 material (document no. 125) is denied as moot.


B.    Motion for Brady and Giglio Material.

Defendant Burke's motion for Brady and Giglio material (document no. 155) is granted to the extent that the government understands its disclosure obligations and has represented that it will produce all Brady and Giglio material in accordance with Local Rule 116.1(c).  In all other respects, that motion is denied.


C.    Motion for Rule 16 Discovery.

Defendant Burke's motion for Rule 16 discovery (document no. 157) is denied as moot in light of defendant's supplemental motion (document no. 362), except that the issue of disclosure of co-conspirator statements will be heard as scheduled in July.  If counsel believe any discrete, specific requests for discovery raised in this motion remain outstanding and not ruled upon, they may file a specific motion raising such matters.  Otherwise, all such requests not ruled upon and not brought to the court's attention are deemed abandoned and waived by defendant.

9

D.    Supplemental Motion for Brady and Giglio Material.

Defendant Burke's supplemental motion for Brady and Giglio material (document no. 321) is granted to the extent the government understands its disclosure obligations and has represented that it will produce Brady and Giglio materials in accordance with Local Rule 116.1.  To the extent material qualifies as both Brady (and/or Giglio) material and Jencks Act material, the government will treat the material as primarily Brady or Giglio material relative to disclosure.  In all other respects, the motion is denied.

E.    Supplemental Motion for Discovery.

Defendant Burke's supplemental motion for discovery (document no. 362) is granted in part and denied in part.  Except as specifically limited below, the government shall, on or before July 3, 1997, produce or provide reasonable access to the materials identified in the following subparagraphs of paragraph 16 of defendant's motion:

    (a)  copy of audio tape;
    (e)  Burke fingerprints;
    (i)  legible copies of bates items 4052 and 3034-3036;
    (j)  dates relating to certain photographs;
    (k)  identify initials on latent lift no. 15;
    (s)  copies of pages from Burke inmate report;
    (u)  page one of phone records at bate 2284;
    (z)  name of photographer of latent lifts;
    (ak) Burke's handcard file;

        (aq) government will use reasonable efforts to clarify the
             source of identified phone records;
        (av) three cuttings from "Q6" hat;
        (ay) government will use reasonable efforts to clarify what
             is being tested in the identified items;
        (az) government will clarify origin of identified
             cartridges;
        (bc) government will identify source and purpose of
             identified report;
        (bd) page one of bate 3516 report;
        (be) "enclosed list" referenced in bate 3658; and
        (bf) "abstracts" referenced in bate 1987.

As noted above, the court will afford the parties an opportunity

to be heard with regard to item 16(aj) (discoverability of co-

conspirator statements) at the hearing scheduled in July, 1997.


      In all other respects, the discovery requests made in

defendant's motion have been either resolved by agreement or

denied, as discussed more fully on the record of the discovery

hearing.  If counsel believe any discrete, specific requests for

discovery raised in this motion remain outstanding and not ruled

upon, they may file a specific motion raising such matters.

Otherwise, all such requests not ruled upon and not brought to

the court's attention are deemed abandoned and waived by

defendant.


      II.  Motions Submitted by Defendant Matthew McGonagle

11

A.   Motion for Disclosure of Tire Related Evidence.

Defendant McGonagle's motion for disclosure of tire related evidence (document no. 146) is, in light of counsel's representations that it has received all requested material which it believes to be in the possession of the government, denied as moot.

B.   Motion for Discovery.

Defendant McGonagle's motion for discovery (document no. 149) is denied as moot, in light of the court's rulings on issues raised in defendant's supplemental discovery motion (document no. 369), and intervening production by and agreement with the government.  If counsel believe that any discrete, specific requests for discovery raised in this motion remain outstanding and not ruled upon, they may file a specific motion raising such matters.  Otherwise, all such requests not ruled upon and not brought to the court's attention are deemed abandoned and waived by defendant.

C.    Motion for Disclosure of Favorable Evidence and Impeaching
      Material.

Defendant McGonagle's motion for disclosure of favorable evidence and impeaching material (document no. 150) is denied as moot, in light of intervening production by (and agreement with) the government and the court's rulings on issues raised in defendant's supplemental discovery motion (document no. 369).  If counsel believe that any discrete, specific requests for discovery raised in this motion remain outstanding and not ruled upon, they may file a specific motion raising such matters. Otherwise, all such requests not ruled upon and not brought to the court's attention are deemed abandoned and waived by defendant.


D.    Motion for Disclosure of Out-of-Court Statements.

Counsel for Defendant McGonagle shall be afforded the opportunity to present oral argument on defendant's motion for disclosure of co-conspirator statements (document no. 152) at the July, 1997 hearing.  Following that hearing, the court will issue its order regarding the discoverability of out-of-court statements of co-defendants.

E.    Motion for Disclosure of Latent Fingerprint Evidence.

Defendant McGonagle's motion for discovery of latent fingerprint evidence (document no. 153) is denied as moot, in light of intervening production by (and agreement with) the government and the court's rulings on issues raised in defendant's supplemental discovery motion (document no. 369).  If counsel believe that any discrete, specific requests for discovery raised in this motion remain outstanding and not ruled upon, they may file a specific motion raising such matters.  Otherwise, all such requests not ruled upon and not brought to the court's attention are deemed abandoned and waived by defendant.

F.    Supplemental Omnibus Motion for Discovery.

Defendant McGonagle's supplemental omnibus motion for discovery (document no. 369) is granted in part and denied in part.  Except as specifically limited below, the government shall produce, on or before July 3, 1997, the materials identified in the following subparagraphs of paragraph 12 of defendant's motion:

> (1)    transmittal correspondences -- the government will endeavor to identify by document (Bates number), or produce, the transmittal correspondence;
> (2)    chain of custody material regarding latent print number 15;

14

(3)    copies of FBI fingerprint cards;

(4)    personnel file of Chris Allen -- the government shall review that file and shall produce any <u>Brady</u> and <u>Giglio</u> material contained therein.  If the government has any question as to whether material falls within the scope of <u>Brady</u> or <u>Giglio</u>, it shall submit such material to the court for <u>in camera</u> review;

(16)   copy of evidence recovery log with original margin notation;

(17)   Penske Truck Leasing records -- the governmental shall use reasonable efforts to determine whether it has produced all requested records and produce those which it has not yet produced;

(18)   the government shall produce all <u>Brady</u> and <u>Giglio</u> material as required by those cases and the local rules of this court;

(19b)  individuals for interview by defense counsel -- In accordance with its representations to the court, the government shall contact each of the specifically listed individuals (as well as John Burke, Jr.) who will be a government witness at trial and convey to him the defense's desire to interview him, the telephone numbers at which counsel can be reached, and counsel's willingness to accept a collect telephone call;

(19c)  presentence investigation reports -- the government shall review the identified presentence investigation reports and shall disclose all materials which fall within the scope of <u>Brady</u> and/or <u>Giglio</u>, provided such information has not already been produced in substance in another form.  If the government has any question as to whether materials in the PSI's should be disclosed, it shall submit the same to the court for <u>in camera</u> review; and

(19h)  information regarding identified sources -- the government shall review the information provided by such sources and disclose all <u>Brady</u> and <u>Giglio</u> material in accordance with Local Rule 116.1.

In all other respects, defendant's supplemental omnibus discovery motion is denied, either as moot or on the merits, as discussed more fully on the record of the discovery hearing.  If

15

counsel believe that any discrete, specific requests for discovery raised in this motion remain outstanding and not ruled upon, they may file a specific motion raising such matters. Otherwise, all such requests not ruled upon and not brought to the court's attention are deemed abandoned and waived by defendant.

III. Motions Submitted by Defendant Anthony Shea

A.    Defendant Shea's Motion for Discovery.

Defendant's motion for discovery (document no. 379) is granted in part and denied in part. Except as specifically limited below, the government shall, on or before July 3, 1997, produce the materials identified in the following paragraphs of defendant's motion:

```
2      copies of recordings of James Ferguson;
8      copies of specifically identified recordings;
10     copies of specifically identified photographs -- the
       government represented at the hearing that it has
       produced all such photographs but agreed to review
       its files and, to the extent that additional
       photographs exist which have not yet been disclosed,
       it shall disclose them;
11     copies of photographs of defendant, Anthony Shea --
       the government represented at the hearing that it has
       produced all such photographs but agreed to review
       its files and, to the extent that additional
       photographs exist which have not yet been disclosed,
       it shall disclose them;
12-16  incarceration records of specific individuals -- the
       government understands its disclosure obligations and
       has represented that it will produce all Brady and
```

16

> Giglio material in accordance with Local Rule
> 116.1(c).
>
> 22 presentence investigation reports -- the government shall review the identified presentence investigation reports and shall disclose all materials which fall within the scope of Brady and/or Giglio, provided such information has not already been produced in substance in another form.  If the government has any question as to whether materials in the PSI's should be disclosed, it shall submit the same to the court for in camera review.

In all other respects, defendant's motion for discovery (document no. 379) is denied, as discussed more fully on the record of the discovery hearing.  If counsel believe that any discrete, specific requests for discovery raised in this motion remain outstanding and not ruled upon, they may file a specific motion raising such matters.  Otherwise, all such requests not ruled upon and not brought to the court's attention are deemed abandoned and waived by defendant.

    **SO ORDERED.**


                                       _____
                                       Steven J. McAuliffe
                                       United States District Judge

June 20, 1997

cc: David A. Vicinanzo, AUSA
Peter D. Anderson, Esq.
Matthew J. Lahey, Esq.
Bruce E. Kenna, Esq.
Douglas J. Miller, Esq.
Michael J. Iacopino, Esq.
Bjorn R. Lange, Esq.
David H. Bownes, Esq.
Edward D. Philpot, Jr., Esq.